UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| LANCE C. WAGGONER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19CV51 HEA |
| | ) |
| STATE OF MISSOURI (LINN), et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of a complaint filed by plaintiff Lance C. Waggoner. For the reasons explained below, the Court will allow plaintiff to proceed in forma pauperis in this action, and will dismiss this case without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). While federal courts should not dismiss an action commenced in forma pauperis if the facts alleged are merely unlikely, the court can properly dismiss such an action if the allegations in the complaint are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke,* 490 U.S. 319). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.* An action is malicious when it contains disrespectful or abusive language, *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (*per curiam*), or it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*,

656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**Background**

In the instant complaint, plaintiff cites the Court to the case *State of Missouri v. Lance C. Waggoner,* No. 11LI-CR00090-01 (9th Jud. Cir. 2011), and his claims for relief arise therefrom. This Court has reviewed the records of that case on Missouri Case.net, the State of Missouri's online docketing system. That review shows that a jury convicted plaintiff of unlawful use of a weapon, and plaintiff was sentenced to serve four years' imprisonment. The Missouri Court of Appeals affirmed the judgment. *State of Missouri v. Lance C. Waggoner,* No. WD75487 (Mo. Ct. App. 2014). The Court has also reviewed the records of plaintiff's post-conviction proceedings. That review shows that plaintiff filed a post-conviction motion that was denied, and

the Missouri Court of Appeals affirmed the judgment. *Lance C. Waggoner v. State of Missouri*, No. WD79898 (Mo. Ct. App. 2018). This Court takes judicial notice of the Missouri State Court records before it, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

### The Complaint

Plaintiff is a resident of New Mexico. He originally brought this action in the United States District Court for the Western District of Missouri, and moved for leave to proceed in forma pauperis. On June 27, 2019, the Honorable Greg Kays entered an order provisionally granting plaintiff leave to proceed in forma pauperis, and transferring the case to this Court on the basis of venue. Having reviewed the financial information plaintiff provided, this Court has determined to allow plaintiff to continue to proceed in forma pauperis in these proceedings.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against "State of Missouri (Linn)," Attorney General Eric Schmitt,[1] and Governor Mike Parson. He states he sues the Attorney General for "unauthorized prosecution/failure to end a malicious prosecution and false imprisonment." He alleges he sues the Governor for "intentional false conviction and imprisonment for a non-criminal act."

Plaintiff's claims stem from the above-cited criminal proceedings against him in the Circuit Court for Linn County, Missouri. He claims he was subjected to malicious prosecution,

---

[1] In identifying this defendant in the caption of the complaint, plaintiff wrote: "Ex Rel Mike Schmitt Attourney general [*sic*]." In providing information about this defendant, plaintiff indicated his name was "Mike Schmitt," he was a citizen of Kansas City, Missouri, and was employed as the Attorney General. However, in a document attached to the complaint, plaintiff refers to this defendant as Eric Schmitt. The Court will presume that plaintiff intended to name Eric Schmitt, the current Missouri Attorney General, as defendant.

3

falsely charged and falsely imprisoned, and that the State of Missouri has been denying him relief for eight years. In the section of the form complaint soliciting information about the background of the case, plaintiff writes:

> I caught Linn County in major crimes, as retribution I was falsely charged with (4) offenses. Of these four 2 the officer as alleged victim refused to support, another was not a crime, and the last the witness refuted. The prosecution then amended and charged (3) counts 1, not a crime, 1 the victim absolutely refuted as a complete lie and a third was not tried due to refusal of witnesses to support the allegation. I was tried in irons and found not guilty of all charges. The court then immagined [*sic*] a new uncharged offense which again could not be proven. The jury was tampered, but still no guilt. To remedy this the jury was instructed for a non-criminal act, and told to find guilt or else by the Sheriff. This case is sickening, and is a clear violation of many constitutional rights to a fair trial.

(ECF No. 4 at 2). Attached to the complaint is a document titled "An Exceptional Habeas Due to Political Imprisonment Without Conviction." (ECF No. 4, attch. 1). In this document, plaintiff alleges that Linn County is actually a criminal enterprise, his criminal trial was not an "actual authorized trial," the court in which it was held was not an actual court, and the people involved in his conviction and incarceration are criminals. He alleges the act of which he was convicted was actually non-criminal, and his conviction is therefore a nullity and this Court must vacate it. He states he is being "reported falsely as a convicted felon." He states he was wrongfully forced to appear in court in shackles. He states he has served his "illegally imposed" four-year sentence, and that "[d]ue to the disgusting nature of the unauthorized imprisonment, civil damages will likely be unprecedented."

Plaintiff alleges that the "criminal acts of intentional false imprisonment are punishable by any penalty including the penalty of death, which a jury almost certainly will impose." He claims the judge who sentenced him was a "criminal usurping the roll [*sic*] of judge" and that "[t]his individual is a harm to society and must be imprisoned for life or executed as per law," and that the prosecuting attorney should also be given the death penalty.

Plaintiff alleges the jury that convicted him was "rigged" and "tampered constantly," that he was "kidnapped" by law enforcement officers, and that he "removed all jurisdiction of the court as a right under Missouri statute law" thereby barring the court from "trying any issue related to the criminal charges." Plaintiff continues in this manner.

Plaintiff seeks hundreds of millions of dollars in damages. He also requests that "the State of Missouri hold a trial of all three (3) charges made, valid or not, so that as a right under the constitution I may prove my innocence in a public, fair and impartial trial to be held in a neutral court." He writes that the failure to initiate such trial within 60 days "will result in immediate action to remove statehood and decimate the state financially as a whole," and that "[f]ailure to hold trial will be a full admission of the falsity of the charges and shall result in a finding of guilt as to false imprisonment." He demands a refund of taxes collected in Linn County since 2011, nullification of all judgments entered against him by the Linn County Circuit Court, transfer of his neighbor's property to him, and other forms of relief.

**Discussion**

Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck,* the Supreme Court held that a person may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. 512 U.S. at 486-87; *see also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Here, plaintiff claims he was subjected to malicious prosecution, wrongfully convicted, and falsely imprisoned. Finding in plaintiff's favor would certainly imply the invalidity of his

conviction and sentence, and he has not demonstrated they have been reversed, expunged, declared invalid or otherwise called into question. His claims are therefore *Heck*-barred, and will be dismissed without prejudice. Additionally, plaintiff may not use the civil rights statutes to attack the validity of his conviction or sentence, as habeas corpus provides the exclusive remedy. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). However, nothing in this Memorandum and Order shall be construed as prohibiting plaintiff from seeking federal habeas corpus relief.

Even if plaintiff's claims were not *Heck*-barred, this case would be subject to dismissal. First, the complaint is malicious. Plaintiff states that a judge and prosecuting attorney, along with others involved in his state criminal case, should be put to death. He also threatens to take action against the State of Missouri if this Court does not quickly grant him the relief he seeks. This along with the overall tone of the complaint and plaintiff's use of abusive language when referring to people involved in his state case lead the Court to conclude that plaintiff has filed this case for an improper purpose, and not for the purpose of vindicating a cognizable right. Next, the complaint is frivolous. Plaintiff's claims are premised upon incredible allegations of a criminal enterprise involving numerous individuals in Linn County, Missouri. These allegations are "clearly baseless" under the standard set forth in *Neitzke* and *Denton*. Finally, plaintiff's § 1983 claims against the State of Missouri and its Attorney General and Governor are barred by sovereign immunity, and even if his claims against the individual defendants were not so barred they would be dismissed because plaintiff does not allege the individual defendants were personally involved in or directly responsible for causing the alleged harm. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).

After filing the complaint, plaintiff filed a motion seeking to attach and preserve evidence in support of his claims. This motion will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed in forma pauperis in this case.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's "Motion for the Attachment of and Preservation of Specific Evidence Discovered by Plaintiff 7/17/2019" (ECF No. 5) is **DENIED** as moot**.**

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 23rd day of September, 2019.

                                                    HENRY EDWARD AUTREY
                                                    UNITED STATES DISTRICT JUDGE